UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CLAY EDWARD THOMAS,

    Plaintiff,

v.                                                  Case No.:  6:22-cv-852-KCD

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.
    _____/

## **ORDER**

Clay Edward Thomas sues under 42 U.S.C. § 405(g) to challenge the Commissioner of Social Security's decision denying his application for supplemental security income and disability insurance benefits. (Doc. 1.) Thomas requests that the Court remand the case under sentence four of § 405(g). (Doc. 18 at 25.)[1] For the reasons below, the Commissioner's decision is affirmed.

Thomas presses two arguments on appeal: (1) the Appeals Council erred in finding that new evidence submitted from treating neurologist Gary Weiss, M.D., did not show a reasonable probability it would change the outcome of the decision, and (2) the ALJ failed to properly analyze the factors of supportability

---

[1] Unless otherwise indicated, all internal quotation marks, citations, and alterations have been omitted in this and later citations.

and consistency when considering medical opinions. The procedural history, administrative record, and law are summarized in the briefing (Docs. 18, 21, 24) and not repeated here.

Review of the Commissioner's (and, by extension, the ALJ's) decision denying benefits is limited to whether substantial evidence supports the factual findings and whether the correct legal standards were applied. 42 U.S.C. § 405(g); *see also Wilson v. Barnhart*, 284 F.3d 1219, 1221 (11th Cir. 2002). Substantial evidence means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019). It is more than a mere scintilla but less than a preponderance. *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005). The Supreme Court recently explained, "whatever the meaning of 'substantial' in other contexts, the threshold for such evidentiary sufficiency is not high." *Biestek*, 139 S. Ct. at 1154.

When determining whether the decision is supported by substantial evidence, the court must view the record as a whole, considering evidence favorable and unfavorable to the Commissioner. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995). The court may not reweigh the evidence or substitute its judgment for that of the Commissioner. And even if the evidence preponderates against the Commissioner's decision, the reviewing court must affirm if the decision is supported by substantial evidence. *Bloodsworth v. Heckler*, 703 F.2d

1233, 1239 (11th Cir. 1983). Finally, "[u]nder a substantial evidence standard of review, [the claimant] must do more than point to evidence in the record that supports [her] position; [she] must show the absence of substantial evidence supporting the ALJ's conclusion." *Sims v. Comm'r of Soc. Sec.*, 706 F. App'x 595, 604 (11th Cir. 2017).

### A. Whether the Appeals Council Properly Considered Thomas's Newly Submitted Evidence

Following a hearing, the ALJ found that Thomas was not disabled in a decision dated March 3, 2021. (Tr. 14-25.) Thomas asked the Appeals Council to reopen or reconsider the denial of benefits. (Tr. 269-70.) He also submitted new evidence to the Appeals Council that was not before the ALJ. (Tr. 36-47.) Then nearly a year later, the Appeals Council notified Thomas it granted his request for review, stating it would consider additional evidence if he showed that the evidence is "new, material, and relates to the period on or before the date of the hearing decision." (Tr. 271.)

The new evidence Thomas submitted was ten pages of records from Dr. Weiss's office for two visits dated January 20, 2021, and August 2, 2021; and a two-page, fill-in-the-blank questionnaire prepared by Thomas's lawyer and completed by Dr. Weiss. (Tr. 36-47.) For the questionnaire, Thomas's attorney took portions of the ALJ's decision that discussed the records from Dr. Weiss

3

and asked him to "clarify" a November 2020 opinion in which he stated that Thomas could not even perform sedentary work. (Doc. 18 at 14-16.)

In its decision, the Appeals Council determined that the medical records from Dr. Weiss and the questionnaire were either outside the relevant period or did not show a reasonable probability they would change the outcome of the decision:

> The claimant also submitted medical records from Gary Weiss, M.D. dated May 5, 2021 (2 pages) and medical records from Gary Weiss, M.D. dated January 20, 2021 (5 pages). The Appeals Council finds this additional evidence does not show a reasonable probability that it would change the outcome of the decision. The Appeals Council did not exhibit this evidence.
>
> The claimant submitted medical records from Gary Weiss, M.D. dated August 2, 2021 (5 pages). The Administrative Law Judge decided your case through March 3, 2021. This additional evidence does not relate to the period at issue. Therefore, it does not affect the decision about whether you were disabled beginning on or before March 3, 2021. The notice explains how this evidence can be used to apply for disability again.

(Tr. 4.) Therefore, the Appeals Council found these records would not affect the ALJ's decision about whether Thomas was disabled beginning on or before the date of decision. (Tr. 8.)

Thomas does not challenge the Appeals Council's finding that the medical records dated August 2, 2021, did not relate to the period at issue in his claim. (Tr. 4.) Thus, he has abandoned any argument of error by the Appeals Council as to those records. *See Allstate Ins. Co. v. Swann*, 27 F.3d 1539, 1542 (11th Cir. 1994) ("Issues that clearly are not designated in the

4

initial brief ordinarily are considered abandoned."). What's left, then, is the Appeals Council's "reasonable probability" finding concerning the May 5, 2021 questionnaire completed by Dr. Weiss (Tr. 36-37), and the January 20, 2021 records. (Tr. 43-47.)

Remand is appropriate when "the Appeals Council did not adequately consider . . . additional evidence" that was properly before the Commissioner. *Ingram v. Comm'r of Soc. Sec. Admin.*, 496 F.3d 1253, 1268 (11th Cir. 2007). As a general rule, a claimant may present new evidence at each stage of the administrative process. *Id.* at 1262. The Appeals Council has discretion to review a claimant's case, but it "must consider new, material, and chronologically relevant evidence" submitted by the claimant when exercising that discretion. *Washington v. Soc. Sec. Admin., Comm'r*, 806 F.3d 1317, 1320 (11th Cir. 2015).

Under Eleventh Circuit precedent, evidence is new when "it was not previously before the ALJ." *Hyde v. Bowen*, 823 F.2d 456, 459 (11th Cir. 1987). And evidence is material "if there is a reasonable possibility that [it] would change the administrative outcome." *Atha v. Comm'r, Soc. Sec. Admin.*, 616 F. App'x 931, 936 (11th Cir. 2015). If the Appeals Council did not consider the

5

new evidence, as appears here,[2] then the Court must determine, as a question of law on de novo review, whether the evidence "meets the new, material, and chronologically relevant standard." *Sadler v. Comm'r of Soc. Sec.*, No. 3:21-CV-883-TJC-JBT, 2022 WL 4961399, at *2 (M.D. Fla. Sept. 2, 2022).

Thomas has not shown that the new evidence he submitted was material—*i.e.*, it would change the outcome. Looking at the new evidence, while Thomas demonstrated tenderness, reduced range of motion, and spasms in his cervical, lumbar, and thoracic spine in the January 2021 records, he maintained normal motor strength, reflexes, and sensation, and there was no evidence of atrophy. (Tr. 46.) Further, the additional records from January 2021 showed no significant worsening over the prior examinations reviewed by the ALJ. (*See* Tr. 22, 495-96, 500-01, 505-06, 515-16, 524-25). And while Dr. Weiss opined in the questionnaire that Thomas would have good and bad days, and his medication "could" cause Thomas's reported dizziness and lightheadedness, he provided no objective evidence to support that opinion, nor did he supply additional objective evidence supporting his opinion that Thomas could not even perform sedentary exertion. (Tr. 36-37); *Cochran v. Kijakazi*, No. 2:21-CV-3-SMD, 2022 WL 4131094, at *5 (M.D. Ala. Sept. 12, 2022) ("The

---

[2] The Appeals Council did not explicitly state whether it considered the additional records from Dr. Weiss. However, its statement that this evidence "would [not] change the outcome of the [ALJ's] decision" is a finding that it lacked materiality. As noted, materiality is a precondition of the Appeals Council reviewing new evidence. This leads the Court to conclude that Thomas's new evidence was not considered.

6

Eleventh Circuit has consistently rejected conclusory medical opinions in similar pre-printed questionnaires as immaterial.").

At bottom, Thomas's new evidence was either not chronologically relevant or immaterial. Thus, the Appeals Council was not required to consider it, and it is therefore not necessary to address any argument that the denial of benefits was not supported by substantial evidence when this new evidence is considered. *See Hargress v. Soc. Sec. Admin., Comm'r*, 883 F.3d 1302, 1310 (11th Cir. 2018).

**B. Medical Opinions**

A medical opinion is "a statement from a medical source about what [the claimant] can still do despite [his] impairment(s) and whether [he has] one or more impairment-related limitations or restrictions[.]" 20 C.F.R. §§ 404.1513(a)(2), 416.913(a)(2). When confronted with a medical opinion, the ALJ must consider its persuasiveness using several factors: "(1) supportability; (2) consistency; (3) relationship with the claimant, which includes (i) length of the treatment relationship, (ii) frequency of examinations, (iii) purpose of the treatment relationship, (iv) extent of the treatment relationship, and (v) examining relationship; (4) specialization; and (5) other factors." *Id.* §§ 404.1520c(a) & (c)(1)-(5), 416.920c(a).

Supportability and consistency "are the most important factors" in determining persuasiveness. *Id.* §§ 404.1520c(b)(2), 416.920c(a). And because

of their importance, the ALJ must explain "how she considered the supportability and consistency factors for a medical source's medical opinions." *Id.* Put simply, the ALJ must assess supportability and consistency for each medical opinion offered by the claimant. *See, e.g., Pierson v. Comm'r of Soc. Sec.*, No. 6:19-CV-01515-RBD-DCI, 2020 WL 1957597, at *6 (M.D. Fla. Apr. 8, 2020) ("[T]he new regulations require an explanation, even if the ALJ (and the Commissioner) believe an explanation is superfluous.").

"Supportability" refers to how well a medical opinion is bolstered by objective medical evidence and explanations provided by the medical source giving the opinion. "Consistency" is a measure of how the medical opinion aligns with evidence from other sources (medical and nonmedical). 20 C.F.R. § § 404.1520c(c), 416.920c(c). In assessing supportability and consistency, the regulations provide that the ALJ need explain only the consideration of these factors on a source-by-source basis—the ALJ need not explain the consideration of each opinion from the same source. *Cook v. Comm'r of Soc. Sec.*, No. 6:20-CV-1197-RBD-DCI, 2021 WL 1565832, at *2 (M.D. Fla. Apr. 6, 2021).

Thomas claims the ALJ failed to follow this framework for two medical sources: Dr. Weiss and the State Agency psychologists, David Tessler and Barbara Lewis.

### *1. Dr. Weiss*

Thomas argues the ALJ failed to analyze the supportability of Dr. Weiss's November 2020 opinion that he could not perform sedentary work. (Tr. 527-29; Doc. 18 at 19-20.) The Court disagrees. While the ALJ may not have parroted the word "supportability," the decision addressed the factor through its discussion of the record evidence. *See Rice v. Barnhart*, 384 F.3d 363, 370 n.5 (7th Cir. 2004) ("[I]t is proper to read the ALJ's decision a whole, and ... it would be a needless formality to have the ALJ repeat substantially similar factual analyses[.]").

The ALJ explained how the medical opinion from Dr. Weiss conflicted with his clinical notes. Specifically, the ALJ noted that during the examinations Dr. Weiss performed, Thomas's motor strength, sensation, reflexes, and gait were normal; he was able to tandem, toe, and heel walking; and his strength was normal in all extremities (Tr. 22, 495-96, 500-01, 505-06, 515-16, 524-25.) And the ALJ cited Dr. Weiss's records indicating that Thomas reported his pain was managed with treatment. (Tr. 22, 497.) The ALJ also noted that Dr. Weiss's records documented no ongoing medication side effects after Thomas's medication was changed to Methocarbamol. (Tr. 22.) Contrary to Thomas's suggestion otherwise, this evidence provides the necessary framework for the ALJ to doubt the proffered medical opinion he could not perform sedentary work.

### *2. State Agency Psychologists*

Thomas separately argues the ALJ failed to adequately analyze whether the prior administrative findings of State Agency psychologists Tessler and Lewis were consistent with the opinion of one-time examiner Scott Kaplan, who performed a mental status examination and learning disability evaluation on Thomas. (Tr. 475.) Again, the Court disagrees. While the ALJ may not have parroted the word "consistency," the decision addressed the factor through its discussion of the evidence. *See Rice*, 384 F.3d at 370 n.5.

Drs. Tessler and Lewis reviewed the record (Tr. 79-93, 111-42) and opined that Thomas had only moderate limitations in sustained concentration and persistence and had the ability to complete a normal workday and work week. (Tr. 90, 123-24.) They both considered Dr. Kaplan's report and opined that his opinion that Thomas would likely experience significant deterioration in a work setting was "not persuasive as it is based on a one-time evaluation." (Tr. 85, 119.)

The ALJ evaluated the persuasiveness of the medical findings from Drs. Tessler and Lewis, as well the opinion from Dr. Kaplan. (Tr. 22.) The ALJ noted that the State Agency psychologists found Thomas was not significantly limited in performing short and simple instructions, and he had moderate limitations in interacting with others and responding appropriately to changes in a work setting. (Tr. 22, 89-91, 104-16, 123-25, 139-41.) By contrast, the ALJ

10

noted, Dr. Kaplan opined that Thomas did not appear capable of gainful employment, would have significant social limitations, and would not behave in a totally stable manner. (Tr. 22, 475.) The ALJ explained that Dr. Kaplan's findings on examination of Thomas's IQ score of 104, which was in the average range, Thomas's variable concentration and memory, and his history of skilled work did not support the limitations Dr. Kaplan assessed. (Tr. 22, 473-75.) The ALJ further found Thomas's lack of mental health treatment, lack of mental health medications, and his ability to work despite his mental impairments were inconsistent with Dr. Kaplan's opinion. (Tr. 22); *see* 20 C.F.R. §§ 404.1520c(c); 416.920c(c)(2); *see generally Newberry v. Comm'r, Soc. Sec. Admin.*, 572 F. App'x 671, 671-72 (11th Cir. 2014) (holding doctor's conservative treatment of claimant belied doctor's opinion that claimant had severe limitations). Against this record, the Court has little trouble concluding that substantial evidence supports the ALJ's treatment of the State Agency psychologists and Dr. Kaplan.

Contrary to Thomas's suggestion otherwise, the ALJ did not adopt verbatim Drs. Tessler and Lewis's summary of the evidence. Rather, the ALJ discussed the medical record in detail, including Dr. Kaplan's examination report, fully explained her reasoning for discrediting Dr. Kaplan's opinion, and fulfilled her duty to assess Thomas's RFC. (Tr. 17-23); *see* 20 C.F.R. §§ 404.1546(c), 416.946(c); *see also* 20 C.F.R. §§ 404.1520b(c)(3)(vi),

11

416.920b(c)(3)(vi) (stating the assessment of a claimant's RFC is an issue reserved for the Commissioner).

The record makes clear that the ALJ discussed consistency, finding that factor weighed against Dr. Kaplan's persuasiveness. (Tr. 22.) The ALJ also affirmed she considered all the relevant evidence in the record. (Tr. 18 ("The undersigned also considered the medical opinion(s) and prior administrative medical finding(s) in accordance with the requirements of 20 CFR 404.1520c and 416.920c.").) Thus, there is no error.[3]

For the above reasons, substantial evidence supports the ALJ's findings. Accordingly, the Court **AFFIRMS** the Commissioner's decision and directs the Clerk to enter judgment for the Commissioner and against Clay Edward Thomas and close the file.

**ORDERED** in Fort Myers, Florida this April 26, 2023.

Kyle C. Dudek
United States Magistrate Judge

Copies:  All Parties of Record

---

[3] Thomas also argues that the Appeals Council committed error when it failed to adequately analyze whether Drs. Tessler and Lewis's opinions were consistent with Dr. Kaplan's opinion. (Doc. 18 at 20-21, 23, 25.) The Appeals Council expressly agreed with the findings by the ALJ regarding the medical opinions, except for the State Agency *medical* consultants. (Tr. 5.) As discussed, Thomas shows no error in the ALJ's consistency finding with respect to the State Agency psychologists. Because the Appeals Council adopted this analysis, there can be no error on its end either.

12